IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TSI (USA) Inc., a Montana Corporation | Civil Action No. _____ |
| and | |
| TSI Group, Ltd., a Hong Kong Corporation, | |
| Plaintiffs, | COMPLAINT |
| | JURY TRIAL DEMANDED |
| v. | |
| Creative Compounds, LLC, a Foreign Limited Liability Company | |
| Defendant. | |

COME NOW Plaintiffs TSI (USA) Inc. and TSI Group, Ltd. and file this Complaint against Creative Compounds, LLC, and state the following:

**DIVISION I: THE PARTIES, NATURE OF THE ACTION, JURISDICTION AND VENUE**

1. Plaintiff, TSI (USA) Inc., a/k/a TSI Health Sciences, Inc. a/k/a Technical Sourcing International, Inc., is a Montana corporation with its principal place of business at 305 S. 4th St. East, Missoula, Montana.

2. Plaintiff, TSI Group, Ltd. is a Hong Kong Corporation.  Collectively TSI (USA) Inc. and TSI Group, Ltd. are referred to herein as "TSI."

3. TSI develops and manufactures proprietary ingredients, intermediates and finished dosage products for humans and animals.  One of TSI's proprietary ingredients is Adenosine Triphosphate ("ATP"), which it supplies to others for inclusion in human products pursuant to license agreements.

#2425017

4. Defendant, Creative Compounds, LLC (hereinafter "Creative Compounds"), is, upon information and belief, is a foreign limited liability company registered to conduct business in the state of Missouri, with its principal place of business at 600 Daugherty St., Scott City, Missouri 63780.

5. Creative Compounds is, upon information and belief, a contract manufacturer of nutritional products and dietary supplements. Creative Compounds blends and assembles dietary supplement products for other companies (referred to herein as "third party brands").

6. This action is for patent infringement, based on 35 U.S.C. §271.

7. As such, subject matter jurisdiction is exclusive to this Court based upon 28 U.S.C. §1338(a).

8. This Court has personal jurisdiction over the Defendant because it is foreign limited liability company in good standing registered to conduct business in the State of Missouri, has designated a local registered agent, has its primary place of business and regularly conducts business in Scott City, Scott County, Missouri, and has committed acts in the Eastern District of Missouri, Southeastern Division, which give rise to this action. Therefore, under 28 U.S.C.A. § 1400(b), venue is properly laid in this Court. Personal jurisdiction is based on Federal Rule of Civil Procedure 4(e).

## DIVISION II: PATENT INFRINGEMENT IN VIOLATION OF 35 U.S.C. §271

9. Dr. Eliezer Rapaport is the owner of United States Letters Patent: 7,671,038 ("the '038 Patent") entitled "Method of Therapeutic Treatments Including Human Immunodeficiency Virus (HIV) Disease and Other Conditions in a Human Host by Administering Adenine Nucleotides."

10. By and through a written exclusive license agreement between Dr. Rapaport and TSI entered into on October 23, 2002, TSI is the exclusive licensee of the '038 Patent.

11. Claim 1 of the '038 Patent covers, among other things, "a method for improving skeletal muscle functions by administering to a human host in need thereof a member selected from the group consisting of: (a) adenosine 5'-monophosphate, (b) adenosine 5'-diphosphate; (c) adenosine 5'-triphosphate; and mixtures thereof, pharmaceutically acceptable salt thereof, or chelate thereof, or metal complex thereof, or liposome thereof.

12. TSI Group is the owner of United States Letters Patent: 7,629,329 ("the '329 Patent") entitled "Method for Increasing Muscle Mass and Strength Through Administration of Adenosine Triphosphate."

13. The '329 Patent is a continuation-in-part of U.S. Application Serial Nos. 10/162,143, and 11/069,746, and was issued to Steve S. Lee, et al.  The '329 Patent was lawfully assigned to TSI Group by an assignment recorded with the USPTO dated October 15, 2009.

14. Claim 1 of the '329 Patent covers "A method of increasing muscle strength in a mammal comprising the steps of administering to said mammal an effective amount of Adenosine Triphosphate ("ATP") to increase muscle strength of muscles of the mammal while said mammal is participating in a strength training program."

15. Collectively the '038 Patent and the '329 Patent are referred to as the "Patents-in-Suit" herein.

16. Each of the Patents-in-Suit continues in full force and effect to this day, and TSI has the rights to enforce the Patents-in-Suit.

17. Plaintiffs license the Patents-in-Suit to dietary supplement manufacturers and distributors. These licenses grant licensees the right to incorporate TSI-sourced ATP (PEAK-

3

ATP) into their supplements and market them to body builders and the like for the purpose of increasing muscle size and strength. Inclusion of non-TSI sourced ATP into supplement products is outside the scope of the license and thus infringes the Patents-in-Suit when the supplements are taken by the end user.

18.     Plaintiffs have taken reasonable steps to ensure that all authorized products incorporating the patented technology have been marked in accordance with the notice provisions of 35 U.S.C. §287.

19.     "PEAK-ATP" is the registered trademark of TSI for ATP used in dietary and/or nutritional supplements. The PEAK-ATP mark is licensed to third party distributors that use the mark in connection with sales of ATP containing supplements licensed under the Patents-in-Suit.

20.     Defendant has sold ATP, has offered to sell ATP and has maintained a commercial interactive Internet Web site for the purpose of selling, *inter alia*, ATP. The Web site is accessible at the following address: www.creativecompounds.com.

21.     Upon information and belief, Defendant has profited from its commercial activities related to ATP.

22.     Defendant is aware, and has been aware since at least January 2010, of the Plaintiffs' rights in one or more of the Patents-in-Suit.

23.     Defendant initially contacted Plaintiffs on January 5, 2010. A representative of Creative Compounds sent a message to TSI stating: "Hello, I need to find a source for ATP. I have a client who will be needing 200-300 kgs on a regular basis. Can you please respond with your current FOB pricing and availability."

24.     Thereafter, TSI and the representative of Creative Compounds exchanged several emails between January 6, 2010 and January 18, 2010. In these emails, TSI informed Defendant

4

of their patent rights stating "we have existing and newly issued broad patents that cover the sports arena's use of ATP... We are defending our patents and have had issues in the past with companies selling and sourcing non-TSI ATP which is why we take these additional steps to ensure our protection as well as our customers."

25. TSI further informed the representative of Creative Compounds that a license would be required between TSI and Creative Compounds' customers to avoid infringing TSI's patents. Defendant's representative responded that "we will likely try to find other sources [of ATP] without so many strings attached."

26. Thereafter, TSI sent a notice letter to Defendant, dated January 27, 2010 notifying Defendant of their patent rights. The letter stated: "TSI has further expanded its ATP portfolio by filing several U.S. and foreign patent applications directed to exogenous administration of ATP to reduce muscle fatigue and enhance human performance. The USPTO has recently awarded Patent # 7,629,329 to TSI for PEAK-ATP. The new, broad patented claims cover methods for increasing muscle strength and muscle mass through oral supplementation of ATP, as well as steps of administering an effective amount of ATP."

27. Despite knowledge of one or more of the Patents-in-Suit, upon information and belief, Defendant has deliberately and intentionally targeted TSI's customers, and others, who use ATP in formulations to promote strength and power, and lean muscle mass, in an attempt to sell non-TSI sourced ATP to them at a discounted price.

28. In July of 2013, one of TSI's customers, and a Licensee of the Patents-in-Suit, contacted Defendant to request quotes on a number of ingredients supplied by Defendant. Defendant replied with the requested quotes and also attempted to induce infringement of TSI's Patents-in-Suit by offering to sell non-TSI sourced ATP for inclusion in body building
5

supplements at a price discount. In particular, Defendant stated: "[a]fter reviewing your website, I see that there may be even more ingredients that were not on your list that we stock/carry and can provide. Such as: ATP (Adenosine Triphosphate) [,] MOQ is 5 kg[,] $155.00 per kg."

29. The TSI customer's website that Defendant "reviewed" before offering to sell the non-TSI sourced ATP specifically identified that customer as someone who used ATP in formulations to promote strength and power and lean muscle mass. The website describes its ATP-containing supplement as "patent-protected," containing "PEAK-ATP®," and promoting strength and power, lean muscle mass, and other measures of muscle function. In other words, Defendant offered to supply a TSI customer with ATP for a product that, absent a license from TSI and use of TSI sourced ATP, would specifically infringe the Patents-in-Suit when taken by end-users.

30. Based upon the aforementioned conduct and upon information and belief, Defendant intentionally offered to sell, and has sold, ATP to other supplement distributors for inclusion in body building supplements marketed to increase muscle strength and function, so that when used by the end user, infringe one or more of the Patents-in-Suit.

31. Defendant's aforementioned commercial activities related to ATP constitute inducement to infringe one or all of the Patents-in-Suit under 35 U.S.C. §271(b).

32. Plaintiffs' counsel sent a cease and desist letter to Defendant on August 21, 2013, identifying the Patents-in-Suit and demanding that the infringing activity stop. Defendants did not respond to the letter.

33. In light of its knowledge and disregard of Plaintiffs' patent rights, and to the extent that Defendant's conduct persisted after such notice, Defendant's conduct constitutes willful infringement of the Patents-in-Suit.

34.     As a result of Defendant's infringing conduct, Plaintiffs have been irreparably damaged and denied the benefit of the protections afforded to Plaintiffs under the Patents-in-Suit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand the following relief:

A.     Adjudge that the Patents-in-Suit are good and valid in law and that Defendant has infringed one or all of the Patents-in-Suit;

B.     Issue a temporary and a permanent injunction enjoining Defendant and subsidiaries, affiliates, agents, servants and employees, and all other person in active concert with them from further infringing conduct;

C.     Require that an accounting be made for the damages arising out of Defendant's infringing conduct and that damages so ascertained be trebled and awarded to TSI together with interest thereon;

D.     Award TSI its reasonable attorneys' fees, costs and expenses incurred in this action under 35 U.S.C. § 285 due to the exceptional nature of this case;

E.     Award TSI such other and further relief as this Court deems just and proper; and

F.     A jury trial on all the issues joined.

James F. Waltz (22681MO).
Oliver, Oliver & Waltz, PC
1838 Broadway
P.O. Box 559
Cape Girardeau, MO 63702-0559
Tel: 573-335-8278
Fax: 573-334-6375
jfwaltz@oliverlaw.com