UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TSI (USA) Inc., et al.,            ) | |
| )                                      | |
| Plaintiffs,      ) | |
| )                                      | |
| v.                                 ) | Civil Action No. 1:14-cv-00017-CEJ |
| )                                      | |
| Creative Compounds, LLC,    ) | |
| )                                      | |
| Defendant.     ) | |

**REPLY OF DEFENDANT CREATIVE COMPOUNDS, LLC IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT [DE 1] FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

**I.    The Standards For Determining Whether Plaintiffs Have Stated A Claim Upon Which Relief Can Be Granted.**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  And, while the Court must accept as true any well-pleaded factual allegations that Plaintiffs have made, conclusory allegations that they made are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. at 679.  "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'-- 'that the pleader is entitled to relief." *Id*.  Further, when the alleged conduct is equally

1

compatible with lawful conduct, a well-pleaded fact of parallel conduct is insufficient to survive a motion ot dismiss.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Contrary to the cases Plaintiffs cite to support their claim that the Federal Circuit has left open the question of whether a method claim can be infringed under the "sales" or "offers to sell" prongs of 35 U.S.C.§ 271(a), the Federal Circuit more recently has emphatically stated: "[t]o be clear, we hold that **all the steps of the claimed method must be performed** in order to find induced infringement . . ." *Akami Technologies, Inc. v. Limelight Networks, Inc*., 692 F.3d 1301, 1306 (Fed. Cir. 2012) (*en banc), cert. granted* -- U.S.--, 134 S.Ct. 895, 187 L.Ed.2d 701 (2014) (emphasis added).  Thus, Plaintiffs cannot run away from the terms of their patents when they claim that Creative has induced others to infringe those patents and an offer alone by Creative to sell ATP to increase muscle mass and/or strength is insufficient to state a claim for inducing others to infringe Plaintiffs' patents.  Instead, Plaintiffs must allege sufficient facts to support an inference that a direct infringer exists.

**B.      The Facts Against Creative That Plaintiff Has Alleged.**

Admittedly, Plaintiffs made many detailed factual allegations about their own conduct, such as their supposed development and manufacture of proprietary ingredients, their rights to the '038 and '329 Patents, their licensing programs, and how they market their brand of ATP. DE 1, at ¶ ¶ 3, 9, 10, 12, 14, 17, 19, 24 and 26.  None of that has anything to do with whether Creative unlawfully induced others to infringe the patents at issue.  Plaintiffs also made detailed factual allegations that Creative does not get its ATP from Plaintiffs and is not licensed to sell Plaintiffs' branded form of ATP. DE 1, at ¶ ¶ 23, 24, and 25.  But, Plaintiffs are attempting to state a plausible claim for inducing infringement of the '038 Patent and the '329 Patent. Plaintiffs have not claimed that either of the patents at issue covers the manufacture, use, or sale

2

of ATP.  Indeed, Plaintiffs do not dispute the fact that neither the '038 Patent nor the '329 Patent contains a claim covering the composition ATP.  Thus, Creative is not required to purchase ATP it sells from Plaintiffs or to have a license to sell Plaintiffs' brand of ATP.  Creative is free to sell ATP for any use by anyone for anything other than possibly for the use of the specific methods claimed by the '038 and '329 Patents.  Thus, the fact that Creative sells ATP not sourced from Plaintiffs is compatible with lawful conduct and does not make plausible Plaintiffs claims in this case.

Indeed, to be liable for inducing patent infringement, Plaintiffs must allege facts that plausibly demonstrate that Creative specifically knew that the acts it induced would constitute patent infringement, *see Global-Tech Appliances, Inc. v. SEB S.A.*, -U.S.-, 131 S.Ct. 2060, 2068, 179 L.Ed.2d 1167 (2011); *DSU Medical Corp. v. JMS Co, Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (*en banc*) (the intent requirement for inducement requires more than just intent to cause the acts that produce infringement, the inducer must have an affirmative intent to cause direct infringement).  Here, Creative is even free to sell ATP for purposes of increasing muscle mass and/or muscle strength.  Using ATP for purposes of increasing muscle mass and/or muscle strength does not infringe either of the patents at issue.  Therefore, Creative cannot be liable for inducing other to use it for those purposes.  Only if Creative promoted sales of ATP with the intent that someone use if for increasing muscle mass and/or strength for use while that person was participating in a strength training program would Plaintiffs begin to make a plausible claim for relief under the '329 Patent.  Similarly, only if Creative was selling ATP to someone for suppressing cachexia-wasting, improving skeletal muscle functions, or slowing cancer progression would Plaintiffs begin to make a plausible claim for relief under the '038 Patent.  Thus, the facts that Plaintiffs do not supply the ATP that Creative sells and that Creative is not

licensed to sell Plaintiffs' brand of ATP are irrelevant to any claim that Creative induced others to infringe the patents at issue and do not make Plaintiffs' claims plausible.

Plaintiffs also alleged that they informed Creative about the patents at issue and the scope of their claims. DE 1, at¶ ¶ 24, 25, and 26. While those allegations must be accepted as true, they do not make plausible Plaintiffs claim that Creative's sales of ATP induce infringement of the '038 and '329 Patents.

Inducing infringement of a patent "requires a threshold finding of direct infringement- either a finding of direct infringement or a finding that the accused products **necessarily** infringe." *Lucent Technologies, Inc. v. Gateway, Inc*., 580 F.3d 1301, 1322 (Fed. Cir. 2009), *cert. denied* 560 U.S. 935 (2010) (emphasis added). Nowhere do Plaintiffs allege any facts of a direct infringement or that Creative's sales of ATP necessarily infringe either the '038 Patent or the '329 Patent. Critically, Plaintiffs do not make any factual allegation that ATP can only be used for (A) suppressing cachexia-wasting, improving skeletal muscle functions, or slowing cancer progression, or (B) for increasing muscle mass and/or strength when the user was participating in a strength training program. Akin to *Twombly,* Creative's sales of ATP are equally, if not more, likely to be explained by non-fringing uses, such as for energy, fat loss, or a host of other reason (including use by someone to increase muscle strength and/or mass who does not participate in a strength training program). Thus, the fact that Plaintiffs informed Creative about the patents at issue and the scope of their claims do not make plausible their

4

claim that Creative's sales of ATP induced infringement of the '038 or '329 Patents.[1]  For the very same reasons, the fact that Creative has a website offering ATP for sale and that Creative has profited from its sales of ATP do not make plausible Plaintiffs' claim that Creative has induced others to infringe the patents at issue.

The last non-conclusory factual allegations that Plaintiffs made about Creative concerns **one** supposed conversation that Creative had with **one** of Plaintiffs' customers offering to sell ATP to that customer after Creative had looked at that customer's website which was directed to bodybuilders and wherein Plaintiffs' customer described its use of Plaintiffs' brand of ATP in products promoted to increase muscle mass and strength.  DE 1, at ¶ ¶ 28 and 29.  However, Plaintiffs do not even allege that Creative's offer was accepted.  Combined with critical missing facts, discussed in the next section, Plaintiffs' allegation of a singular, unsuccessful offer to sell

---

[1] Plaintiffs claim that Creative waived any argument that Plaintiffs did not allege facts sufficient to demonstrate that someone performed all the steps of methods claimed by either the '038 Patent or the '329 Patent because Creative did not include those arguments in is Memorandum In Support.  DE 15, at p. 10.  Plaintiffs cite no legal authority for the proposition that if a movant lays out his/her argument, complete with citation to supporting authority in movant's motion, but does not repeat those specific citations in the accompanying Memorandum in Support, Local Rule 7-4.01 mandates that those arguments are abandoned.  The purpose of the local rule is to insure that the Court and the other part(ies) to an action have fair notice of a movant's arguments and the legal authorities on which the movant relies.  Creative clearly provided sufficient notice of its arguments and the legal basis for them in its Motion to Dismiss by setting them out in detail in numbered paragraphs.  To suggest that because Creative did not cut and paste the exact same language about those arguments into its Memorandum In Support results in a waiver of those arguments is to exalt form over substance, and to do so to the extreme.  In fact, Creative also included those arguments in its Memorandum In Support.  DE 14-1, at 2-3.  Further, Plaintiffs' claim that Creative's argument involves claim construction is simply wrong.  Creative has not asked the Court to divine the meaning of the language of the claims contained in either patent at issue.  But, Plaintiffs are attempting to state a plausible claim that Creative has induced infringement of the methods claimed in the '038 Patent or the '329 Patent.  To state a claim, Plaintiffs must state some facts sufficient to allow an inference that at least one direct infringer exists.  *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1336 (Fed. Cir. 2012).  Here, Plaintiffs have not made any factual allegation that anyone to whom Creative has sold ATP performed all of the steps of the methods claimed in the '038 Patent or the '329 Patent.  By failing to do so, Plaintiffs have not stated facts sufficient to allow an inference that at least one direct infringer exists.

ATP to some unidentified customer of Plaintiff is insufficient to state a plausible claim that Creative has induced others to infringe the '038 Patent and/or the '329 Patent.

The rest of Plaintiffs' factual allegation are conclusory and are entitled to no weight in determining whether Plaintiffs have stated a claim upon which relief can be granted. Plaintiffs allege that Creative deliberately and intentionally targeted Plaintiffs' customers to buy ATP from Creative. That allegation is conclusory. In fact, the only factual allegation that Plaintiffs made about Creative's contact with Plaintiffs' customers involved a situation where that customer first contacted Creative about sourcing some other chemicals from Creative. DE 1, at ¶ 28. That allegation does not support the proposition that Creative targeted Plaintiffs customers and launched a campaign to sell them ATP not sourced from Plaintiffs.

Plaintiffs' allegation that Creative intentionally has sold ATP to supplement distributors for inclusion in bodybuilding supplements is also conclusory. The only factual allegation that Plaintiffs made involved one unsuccessful offer to sell ATP to one supplement distributor. That singular fact does not support the proposition that Creative has intentionally sold ATP to other supplement distributors for use in products they offer in a manner which would then induce the distributor's customers to thereafter infringe the claims of the patents at issue by practicing each of the steps they claim.

In short, Plaintiffs factual allegations concerning Creative do not state a plausible claim that Creative induced others to infringe the clams of either the '038 Patent or the '320 Patent.

### C. The Critical Facts That Plaintiffs Did Not Allege

Critically, Plaintiffs' failure to allege certain facts reveals that Plaintiffs have not stated a plausible claim upon which relief can be granted. First, as noted above, nowhere did Plaintiffs allege that ATP could only be used for (a) increasing muscle mass and/or strength, or (b) for

suppressing cachexia-wasting, improving skeletal muscle functions, or slowing cancer progression.  By failing to make that allegation, it is just as plausible and even more likely that Creative's commercial sales of ATP involved its use for non-infringing purposes.

While Plaintiffs allege that Creative maintains a website for the purpose of, *inter alia*, selling ATP, nowhere do Plaintiffs make any allegation that anything on the website promotes the use of ATP for any specific purpose.  In fact, Plaintiffs make no allegations about any promotional material that Creative uses in connection with offering ATP for sale.  The lack of any factual allegation about how Creative promotes ATP for sale also demonstrates that its sales of ATP are more plausibly explained by its use for non-infringing purposes.

Plaintiffs make no allegation that Creative generally knows for what purpose its customers are going to use the ingredients they buy from Creative.  Indeed, Plaintiffs make no allegation that bulk raw ingredient suppliers generally know to what purpose their customers are going to use the ingredients they buy and/or how those customers are thereafter going to market their final products.  The lack of any such factual allegation demonstrates that it is more likely that Creative generally does not know to what end its customers are going to make use of the ingredients they buy.  Therefore, it is more plausible that Creative does not intend that the ATP it sells be used to practice the methods that infringe Plaintiffs' patents.

Plaintiffs reference only one of their customers as having been offered ATP to use in products that the customer would then manufacture and sell for increasing muscle mass and/or strength.  Plaintiffs have alleged that they license to a number of supplement manufactures and distributors.  If Creative was targeting Plaintiffs' customers, as Plaintiffs' claim, then Plaintiffs would certainly know that because they would have likely received reports from those customers (who have a vested interest in making sure that less expensive ATP can be sold by others against

7

whom they compete).  Further, if Creative was successful and actually sold ATP to Plaintiffs' customers Plaintiffs would likely know about it because of a drop in their sales of their brand of ATP to those customers.  The fact that Plaintiffs can only point to one unsuccessful offer to sell ATP reveals that Plaintiffs claim that Creative has targeted Plaintiffs' customers and intentionally sold ATP for use in a manner that would infringe the patents at issue is not plausible.

Finally, as noted in section B above, nowhere have Plaintiffs alleged facts to support an inference that at least one direct infringer exists.  Without a direct infringement, no claim for inducing infringement can exist.

### D.     Conclusion

Because infringement of a method patent requires someone to perform all the steps of the claimed method, Creative's unsuccessful offer to sell ATP to one of Plaintiffs' customers is insufficient to state a claim upon which relief can be granted.  Plaintiffs' numerous factual allegations about themselves and their marketing and licensing practices are irrelevant to, and therefore do not make plausible, their claim that Creative has induced others to infringe the '038 Patent and/or the '329 Patent.  Plaintiffs' allegations about an offer that Creative made to one of Plaintiffs' customers (after that customer first approached Creative about buying other chemicals from Creative) is insufficient to state a plausible claim that Creative was targeting Plaintiff's customers  and that it has set out to intentionally sell ATP to others with the intent that those purchasers use the ATP to infringe the methods claimed by the patents at issue.  Finally, Plaintiffs' failure to make critical factual allegations (*e.g*., that ATP can only be used for the practice of the methods claimed by the '038 Patent and/or the '329 Patent) makes implausible their claims that Creative has induced others to infringe Plaintiffs' patents.  For all the foregoing

reasons, Creative respectfully requests that the Court grant it Motion to Dismiss, or, in the alternative order Plaintiffs to file a more definite statement.

        Respectfully submitted,

        LAW OFFICES OF THOMAS DEGROOT, LLC

        _____/s/ Thomas J. DeGroot_____
        Thomas J. DeGroot, #30291
        32 S. Elm Ave
        St. Louis, MO, 63119
        (314) 824-8032
        tom@degrootlaw.net
        Counsel for Defendant

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon counsel of record on this 21st day of May, 2014.

        _____/s/ Thomas J. DeGroot____