UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TSI (USA) INC. and TSI GROUP, LTD., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No. 1:14-CV-0017 (CEJ) |
| ) | |
| CREATIVE COMPOUNDS, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to dismiss plaintiffs' complaint for failure to state a claim for relief, pursuant to Fed. R. Civ. P. 12(b)(6), or, in the alternative, for a more definite statement pursuant to Fed. R. Civ. P. 12(e).  Plaintiff has filed a response in opposition, and the issues are fully briefed.

**I.   Background**

For purposes of this motion to dismiss, the Court accepts the following allegations of the complaint as true:

Plaintiffs TSI (USA) Inc. and TSI Group, Ltd. (collectively, "TSI") develop and manufacture proprietary ingredients, intermediates, and finished dosage products for humans and animals.  Among TSI's proprietary products is Adenosine Triphosphate (ATP), which TSI supplies to others for inclusion in human products.  TSI is the exclusive licensee of U.S. Patent No. 7,671,038 ("the '038 Patent") and owner of U.S. Patent No. 7,629,329 ("the '329 Patent").  The '038 Patent claims methods of suppressing cachexia, improving skeletal muscle functions, and slowing cancer progression in humans with HIV or AIDS through the administration of adenosine triphosphate (ATP).  The '329 Patent claims methods of increasing

1

muscle mass and strength in mammals participating in strength training programs through the administration of ATP.  TSI licenses the patents to manufacturers and distributors to incorporate TSI-sourced ATP (PEAK-ATP™) into dietary supplements and nutritional products.  The inclusion of non-TSI sourced ATP in supplement products marketed by TSI licensees for use in strength training programs would infringe TSI's patents when used by a consumer.

Defendant Creative Compounds, LLC is a manufacturer that supplies bulk raw ingredients, including ATP, to companies who incorporate them into a variety of nutritional products that are then sold to consumers.  Creative Compounds first contacted TSI on January 5, 2010, seeking a source of ATP for a client.  TSI informed Creative Compounds of its patent rights in PEAK-ATP™ as a method for increasing muscle mass and strength and stated that "a license would be required between TSI and Creative Compounds' customers to avoid infringing TSI's patents." *Complaint*, ¶ 25.  Creative Compounds responded that it would try to obtain ATP from an alternative source.

In July 2013, a TSI licensee for PEAK-ATP™ contacted Creative Compounds to request a price quote on a number of ingredients that Creative Compounds supplied.  In its reply, Creative Compounds offered to sell non-TSI sourced ATP to the licensee for inclusion in body building supplements at a discount rate.  Based on this incident, TSI believes that Creative Compounds also has sold ATP to other supplement distributors for inclusion in body building supplements.

TSI brings this action claiming that Creative Compounds' activities related to ATP constitute inducement to infringe TSI's patents pursuant to 35 U.S.C. § 271(b).  Creative Compounds asserts that the complaint fails to state a claim upon which

relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) or, alternatively, that the complaint is so vague such that a more definite statement is required.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint.  The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").  The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim.  Id.  A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see also id. at 563 (stating the "no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.").  "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

In the alternative, defendant seeks a more definite statement of the claims set forth in the complaint.  Rule 12(e) of the Federal Rules of Civil Procedure permits a party to move for a more definite statement if a pleading is so vague or ambiguous that the party cannot reasonably prepare a response.  Rule 8(a)(2) of the Federal Rules of Civil Procedure, however,  only requires a complaint to contain

3

"a short and plain statement of the claim showing that the pleader is entitled to relief."  Because of "liberal notice pleading and the availability of extensive discovery, motions for a more definite statement are universally disfavored." Tinder v. Lewis Cnty. Nursing Home Dist., 207 F.Supp.2d 951, 959 (E.D.Mo.2001) (collecting cases).  "A motion under Rule 12(e) is designed to strike at unintelligibilty in a pleading rather than want of detail."  Patterson v. ABS Consulting, Inc., No. 4:08-CV-697, 2009 WL 248683, *2 (E.D.Mo. Feb.2, 2009).  The notice pleading standard "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."  Swierkiewicz, 534 U.S. at 512.  Because a motion for more definite statement is not a substitute for discovery, one cannot use it to test a case or require the pleader to allege certain facts or retreat from certain allegations. Tinder, 207 F.Supp.2d at 960. When, however, a "pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite under Rule 12(e) before responding.  Swierkiewicz, 534 U.S. at 514.

### III.  Discussion

35 U.S.C. § 271(b) provides that, "[w]hoever actively induces infringement of a patent shall be liable as an infringer."  To survive a motion to dismiss, a complaint alleging induced infringement must contain facts plausibly showing that the defendant "specifically intended [another] to infringe the [plaintiff's] patent and knew that [the other's] acts constituted infringement."  In re Bill of Lading Transmission & Processing Sys. Patent Litig., 681 F.3d 1323, 1339 (Fed. Cir. 2012); see also Global-Tech Appliances, Inc. v. SEB S.A., 131 S. Ct. 2060, 2068 (2011) (holding that § 271(b) requires both "knowledge of the existence of the patent that

4

is infringed" and "knowledge that the induced acts constitute patent infringement"). Liability for inducing infringement under § 271(b) furthermore "must be predicated on direct infringement . . . . [I]nducement liability may arise if, but only if, there is direct infringement." Limelight Networks, Inc. v. Akamai Technologies, Inc., 134 S. Ct. 2111, 2117 (U.S. 2014) (quoting Aro Mfg. Co. v. Convertible Top Replacement Co., 365 U.S. 336, 341 (1961)); see also In re Bill of Lading, 681 F.3d at 1333 ("It is axiomatic that there can be no inducement or contributory infringement without an underlying act of direct infringement.") (internal quotation omitted). Therefore, "[a] finding of inducement requires a threshold finding of direct infringement – either a finding of specific instances of direct infringement or a finding that the accused [actions] necessarily infringe." Lucent Technologies, Inc. v. Gateway, Inc., 580 F.3d 1301, 1322 (Fed. Cir. 2009) (quoting Ricoh Co., Ltd. v. Quanta Computer Inc., 550 F.3d 1325, 1341 (Fed. Cir. 2008)).

The patents at issue here are method patents. A method patent claims a number of steps, and is not infringed unless all of those steps are carried out. Limelight Networks, Inc., 134 S. Ct. at 2117; see also Joy Techs, Inc. v. Flakt, Inc., 6 F.3d 770, 775 (Fed. Cir. 1993) ("A method claim is *directly* infringed only by one practicing the patented method.") (emphasis in original). Performance of all of the patent's steps furthermore must be attributable to one person, either directly or vicariously. Limelight Networks, Inc., 134 S. Ct. at 2117. If performance of all the claimed steps in the method patent cannot be attributed to a single person, direct infringement has not been committed. Id. at 2118. In the absence of direct infringement, a defendant "cannot be liable for inducing infringement that never came to pass." Id. Thus, to state a claim for indirect infringement, a complaint

must plead sufficient facts to enable a court to draw a reasonable inference that direct infringement of the methods set forth in the patent has occurred. See In re Bill of Lading, 681 F.3d at 1336-37 (stating that claims of induced infringement are governed by the plausibility standard of Iqbal and Twombly).[1]

Direct infringement may be proven by circumstantial evidence. Vita-Mix Corp. v. Basic Holding, Inc., 581 F.3d 1317, 1326 (Fed. Cir. 2009) (finding the accused product would necessary infringe under the circumstances). However, while the complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotations omitted). Here, plaintiffs failed to allege sufficient facts to support a reasonable inference of underlying predicate acts that constitute direct infringement. The allegations at most support an inference of an intent to induce infringement. However, "[t]here is no such thing as attempted patent infringement, so if there is no infringement, there can be no indirect liability for infringement." Akamai Technologies, Inc. v. Limelight Networks, Inc., 692 F.3d 1301, 1308 (Fed. Cir. 2012), rev'd on other grounds, 134 S. Ct. 2111 (U.S. 2014).

TSI does not allege an actual sale of ATP to one of its licensees, nor does it allege that non-TSI sourced ATP was actually used by a licensee or end user thereof to perform any of the methods described in its patents. The complaint contains only a conclusory statement that based on a single instance in which an offer to sell

---

[1] A motion to dismiss for failure to state a claim is reviewed under the law of the regional circuit as a purely procedural issue not pertaining to patent law.  In re Bill of Lading, 681 F.3d at 1331; C&F Packing Co., Inc. v. IBP, Inc., 224 F.3d 1296, 1306 (Fed. Cir. 2000); McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1355–56 (Fed. Cir. 2007).

6

ATP to a TSI licensee was made, it is reasonable to infer that defendant has sold ATP to other supplement distributors for inclusion in body building supplements that when used by an end user would infringe TSI's patents. This allegation is insufficient to establish a reasonable inference of direct infringement. See Parkhurst v. Tabor, 569 F.3d 861, 865 (8th Cir. 2009) ("To survive a motion to dismiss, a complaint must contain factual allegations sufficient 'to raise a right to relief above the speculative level.'") (quoting Twombly, 550 U.S. at 555).

Arguing against dismissal, TSI contends that conduct which qualifies as actionable inducement under § 271(b) is broad. However, no case cited by TSI waives the necessity of pleading underlying direct infringement for a § 271(b) claim. See Akamai Technologies, Inc., 692 F.3d at 1308 (stating that liability arises under § 271(b) when an inducer "causes, urges, encourages, or aids the infringing conduct *and* [] the induced conduct is [in fact] carried out") (emphasis added) (internal quotation omitted); In re Bill of Lading, 681 F.3d at 1336 (stating that to sufficiently state a claim for indirect infringement, "a plaintiff need not identify a specific direct infringer *if* it pleads facts *sufficient to allow an inference that at least one direct infringer exists.*") (emphasis added). TSI fails to create a reasonable inference that the requisite underlying infringement occurred. This necessarily means its claim of induced infringement also fails, because "[a]bsent direct infringement of the claims of a patent, there can be neither contributory infringement nor inducement of infringement." Met-Coil Sys. Corp. v. Korners Unlimited, Inc., 803 F.2d 684, 687 (Fed. Cir. 1986).

7

Because the Court concludes that the complaint fails to state a claim for relief, it is unnecessary to consider the defendant's alternative request for a more definite statement.

* * *

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief [Doc. #14] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of October, 2014.